McCLENDON, J.
On appeal in this slip and fall case involving a water meter, the defendants contest the trial court’s judgment, raising issues of liability and quantum. For the following reasons, we reverse.
Silverene Parker filed suit against the Baton Rouge Water Company and its insurer, St. Paul Fire and Marine Insurance Company, seeking to recover damages for personal injuries she allegedly sustained when she stepped on a water meter and fell. After a bench trial, the trial court rendered judgment in favor of the plaintiff for the sum of $22,000 in general damages and the sum of $2,429 in special damages. The court further found the plaintiff to be 20% at fault in causing her injuries. The defendants appeal.
In her petition, the plaintiff asserts solely that the defendants are liable in negligence. To prevail under a theory of negligence, the plaintiff must show that the Baton Rouge Water Company had actual or constructive notice of the dangerous condition. LSA-C.C. art. 2315.
Four witnesses testified at trial: the plaintiff; Barbara Jefferson, the plaintiffs sister; Sherry Nicholas, a meter reader employed by the Baton Rouge Water Company; and Ralph Herig, the vice president of Human Resources and Risk Management for the Baton Rouge Water Company. The trial court, in its reasons for judgment, made that factual determination that the testimony of both Ms. Parker and Ms. Nicholas accurately described the events surrounding this accident. Ms. Parker testified that, on July 5, 1997, as she walked through tall grass in her front *632 yard, she stepped on the cover of a meter box, which was ajar, and fell injuring her knee and back. Ms. Nicholas testified that she read that meter thirteen days before the incident and, although she did not recall that particular meter, her practice is |3to read the meter, replace the lid, and then stand on the meter box to assure that the lid is properly seated. She testified that she found no problem or defect with this meter and that she properly seated the lid after she read the meter. Ms. Nicholas also read the meter on July 22, 1997, approximately two weeks after the plaintiffs accident. Again, she found no defect in the meter.
Mr. Herig testified that the meters are read monthly. He testified that this meter was turned on and the meter box was reset on January 15, 1997. The water company received no complaints about the meter until he was contacted by the plaintiffs attorney in October of 1997.
In the present case, there are no facts from which to infer that the Baton Rouge Water Company had actual or constructive knowledge of the dangerous condition of the meter. There is no evidence that the cover of the meter was ajar for an extended period of time, that it was frequently in a dangerous state, or that any employee of the Baton Rouge Water Company had knowledge of its dangerous condition prior to Ms. Parker’s fall. Further, as discussed previously, the meter was read approximately every thirty days. Considering the evidence in the record, we find manifest error in the trial court’s conclusion that the Baton Rouge Water Company had actual or constructive notice of the condition that caused the damage.
For the foregoing reasons, we reverse the judgment of the trial court. Judgment is rendered in favor of the defendants, dismissing the plaintiffs suit. Costs are assessed against Silverene Parker.
REVERSED AND RENDERED.